IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BOB FREEMAN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>GNS CORPORATION, A Nebraska Corporation,<br><br>　　　　　　Defendant. | 4:14-CV-3203<br><br><br>ORDER |

　　　This matter is before the Court on defendant GNS Corporation's motion to dismiss (filing 9) and plaintiff Bob Freeman's "motion to continue" (filing 12), which the Court construes as a response opposing GNS's motion. The Court will grant Freeman's motion and deny GNS's.

　　　GNS has moved to dismiss because it was not served with Freeman's complaint within 120 days after the complaint was filed, as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(m) provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

　　　Thus, under Rule 4(m), there is a two-part inquiry. First, if the Court concludes there is good cause for the plaintiff's failure to serve within 120 days, it *shall* extend the time for service. *Kurka v. Iowa Cty.*, 628 F.3d 953, 957 (8th Cir. 2010). In determining whether good cause exists, the Court must focus primarily on the plaintiff's reasons for not complying with the time limit in the first place. *Id.* It requires good faith and some reasonable basis for noncompliance with the rules. *Id.* Among other things, good cause is likely (but not always) to be found when the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding *pro se* or *in forma pauperis*. *Id.*

　　　Second, even if the plaintiff fails to show good cause, the Court still *may* extend the time for service rather than dismiss the case, if the plaintiff

establishes excusable neglect. Such relief is warranted where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. *Id.* at 959. In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith. *Id.* These factors do not bear equal weight, as the reason for delay is generally a key factor in the analysis.

Here, the record shows, if not good cause for Freeman's noncompliance, at least excusable neglect. Freeman was initially represented by counsel, *see* filing 1, but his counsel moved to withdraw on January 9, 2015. Filing 3. Counsel was permitted to withdraw on January 12, and Freeman has been proceeding *pro se* since then. Filings 4 and 5. Service was not complete, nor was summons issued, while Freeman was represented by counsel. Summons was finally issued in writing by the Clerk's Office on February 2, which in the ordinary course of the Court's business would normally have occurred upon receipt of a written request sent to the Court by mail. Filing 7. Day 120 from the filing of the complaint was February 4. Freeman represents that he received the issued summons from the Clerk's Office on February 5, and served it on February 7. Filing 12. GNS received the summons on February 9, and the return of service was filed with the Court on February 17. Filing 8.

The record does not reflect why GNS was not served while Freeman was represented by counsel, but the Court is not inclined to hold Freeman responsible for his counsel's failure to promptly effect service. The record establishes that Freeman, upon his counsel's withdrawal, acted with reasonable diligence in serving process, and succeeded in doing so only a few days late. GNS does not dispute that service was effective. GNS has made no argument that it was prejudiced by the delayed service, and it is hard to see how prejudice could have arisen in the 2 business days between the end of the 120-day service period and its receipt of the summons. (Particularly because Freeman's suit followed an EEOC charge, so GNS was already on notice of his claim.) And the Court is mindful of the fact that if Freeman's claims were dismissed, even without prejudice, they might then be barred at least in part by the statute of limitations for a Title VII claim. *See*, 42 U.S.C. § 2000e-5(f)(1) (civil action must be brought within 90 days of right to sue); *Kurka*, 628 F.3d at 958 ("lethal effect" of statute of limitation are considered in determining whether circumstances warrant discretionary extension).

The Court finds that when all the circumstances are considered, they warrant extending the time for service for the 3 business days necessary to

make Freeman's complaint timely. Accordingly, GNS's motion to dismiss will be denied, and Freeman's "motion to continue" will be granted.

IT IS ORDERED:

1. GNS's motion to dismiss (filing 9) is denied.

2. Freeman's "motion to continue" (filing 12) is granted.

Dated this 11th day of March, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge