IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BOB FREEMAN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GNS CORPORATION, A Nebraska Corporation,<br><br>　　　　　Defendant. | 4:14-CV-3203<br><br>ORDER |

　　　This matter is before the Court on its own motion, relating to the defendant's motion to dismiss (filing 14) and a number of subsequent filings. This case is getting messy, and the Court intends to do some housekeeping.

　　　In particular, the plaintiff's filings have not always resembled the procedures set forth in the Federal Rules of Civil Procedure and this Court's local rules. Pro se litigants are held to a lesser pleading standard than other parties. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). But that principle has limits, and pro se litigants must still comply with court rules and directives. *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005). This order will, the Court hopes, clear some things up.

　　　Under the Court's rules, when a defendant files a motion to dismiss, the plaintiff may respond with a brief opposing the motion. NECivR 7.1(b). Then, the defendant gets to reply in support of the motion. NECivR 7.1(c). "No party may file further briefs or evidence without the court's leave." NECivR 7.1(c). Therefore, the briefing on the defendant's motion to dismiss was complete when the defendant replied on April 2, 2015. Now, the plaintiff has filed what appears to be another response, and more evidence—and, furthermore, filed it late. This needs to stop.

　　　Here is what the Court is going to do: the Court will allow the plaintiff's recent filings, as a surreply. The Court will give the defendant one more chance to respond in support of its motion, to respond to any new issues raised in the plaintiff's filings. Neither party will be permitted to respond after that, until the Court enters an order ruling on the defendant's motion to dismiss. Under the rules of procedure, a party filing a motion to dismiss gets the last word.

　　　To clear up the docket a bit, the Court will also deny the defendant's pending motion to strike (filing 23). The Court understands the defendant's

concerns about the evidence and argument offered by the plaintiff in response to the defendant's motion to dismiss, and will consider those concerns when evaluating whether the plaintiff's arguments are persuasive.[1] But taking a blue pencil to the plaintiff's filings would, at this point, serve no useful purpose except to complicate the issues before the Court.

Finally, the Court notes that in his latest brief, the plaintiff seems to request discovery. The plaintiff is advised that no discovery will take place until after the Court rules on the defendant's motion to dismiss and the defendant files an answer. *See* NECivR 16.1(c)(2). After that, the Magistrate Judge will enter a progression order that will provide the parties with further guidance on discovery and other issues.

IT IS ORDERED:

1. The defendant's motion to strike (filing 23) is denied.

2. The defendant may reply in support of its motion to dismiss (filing 14) on or before May 1, 2015.

3. No further briefing or evidence on the defendant's motion to dismiss will be permitted.

Dated this 22nd day of April, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[1] Many of the same concerns could no doubt be raised with respect to the plaintiff's latest filings. It is the Court's intent to take the same approach. The defendant may, should it choose to do so, point out any shortcomings in the plaintiff's evidence or argument in its final reply brief.