IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BOB FREEMAN, | |
| Plaintiff, | 4:14-CV-3203 |
| vs. | |
| GNS CORPORATION, A Nebraska Corporation, | MEMORANDUM AND ORDER |
| Defendant. | |

This case is before the Court on a motion to dismiss. Plaintiff Bob Freeman alleges that Defendant GNS Corporation discriminated against him in violation of both federal civil rights law and the Nebraska Fair Employment Practices Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1104 *et seq*. Filing 1. GNS has moved to dismiss Freeman's NFEPA claims as time-barred. Filing 14.

I. BACKGROUND

GNS is a Nebraska corporation which operates, as relevant, two convenience stores in Hastings, Nebraska. Filing 1 at ¶ 5. Freeman, an African-American male, was formerly employed by GNS as a store manager. Filing 1 at ¶ 4. On July 17, 2013, Freeman was terminated by GNS. Filing 1 at ¶ 18; filing 15-1 at 4. The parties dispute whether GNS subjected Freeman to racial hostility and terminated him because of his race and alleged whistleblowing activity.

On October 16, 2013, Freeman filed a Charge of Discrimination with the Nebraska Equal Opportunity Commission ("NEOC") and Equal Employment Opportunity Commission ("EEOC"). Filing 15-1 at 3. The charge alleged, as relevant, that in working for GNS he had been harassed, denied salary raises, and ultimately fired because of his race and because he reported the illegal activity of other employees, in violation of Neb. Rev. Stat. §§ 48-1104 and 48-1114. Filing 15-1 at 3-4.

On April 18, 2014, the NEOC issued a determination of "no reasonable cause" and closed the charge. Filing 15-1 at 8. The NEOC letter included a warning that the deadline for filing a lawsuit was "90 days after the receipt of this notice." Filing 15-1 at 8; *see* Neb. Rev. Stat. § 48-1120.01.

On July 14, 2014, the EEOC issued Freeman a right-to-sue letter. Filing 1 at ¶ 3. On October 7, Freeman filed this case. Filing 1. That meant that his suit was filed only 85 days after the EEOC right-to-sue letter was issue, but 172 days after the NEOC issued its determination and over a year after Freeman's termination by GNS.

Freeman's complaint contains seven claims for relief—three under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and four claims under the NFEPA. Only the state law claims are presently at issue. GNS has moved to dismiss Freeman's NFEPA claims for lack of subject-matter jurisdiction and failure to state a claim.

II. STANDARD OF REVIEW

GNS's motion to dismiss relies on Fed. R. Civ. P. 12(b)(1) and (6). But neither rule quite fits here. GNS relies upon Fed. R. Civ. P. 12(b)(1) because, according to GNS, Freeman's failure to file suit within 90 days of the NEOC letter deprives the Court of subject-matter jurisdiction. But it is not clear why GNS believes that requirement is jurisdictional: the Court can find nothing in Nebraska law suggesting that § 48-1120.01 is anything other than a statute of limitations. And the analogous 90-day limitation period found in Title VII is not treated as jurisdictional. *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989).

When it appears from the face of the complaint itself that a limitation period has run, a limitations defense may properly be asserted through a 12(b)(6) motion to dismiss. *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985). But the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense, *Jessie v. Potter*, 516 F.3d 709, 713 (8th Cir. 2008), and we are beyond the face of the complaint here.

But a motion to dismiss pursuant to Rule 12(b)(6) may be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court, *if* the parties are given a reasonable opportunity to present all the material that is pertinent to the motion. *See* Fed. R. Civ. P. 12(d). That opportunity was present here. Because GNS's motion was predicated in part on Rule 12(b)(1), the parties were on notice that the Court could consider matters outside the pleadings. *See Osborn v. United States*, 918 F.2d 724, 729-30 (8th Cir. 1990). And Freeman submitted evidence in opposition to the motion not once, but twice. *See* filing 20; filing 27. Accordingly, the Court will decide GNS's motion pursuant to Fed. R. Civ. P. 56. *See*, *Frazier v. Vilsack*, 419 F. App'x 686, 689 (8th Cir. 2011); *Jessie v. Potter*, 516 F.3d 709, 713 (8th Cir. 2008).

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.* On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Id.* Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Id.* But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. *Id.* Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id.*

### III. DISCUSSION

The NFEPA makes it unlawful for an employer to discriminate based on "race, color, religion, sex, disability, marital status, or national origin" or because an employee "opposed any practice or refused to carry out any action unlawful under federal law or the laws of this state." Neb. Rev. Stat. §§ 48-1104 and 48-1114. A written charge of violation of the NFEPA shall be filed within 300 days after the occurrence of the alleged unlawful employment practice. Neb. Rev. Stat. § 48-1118(2). There is no statute of limitations during the NEOC's proceedings. *Adams v. Tenneco Automotive Operating Co.*, 358 F. Supp. 2d 878, 880 (D. Neb. 2005). But any suit following a determination by the NEOC must be filed within 90 days. *See* Neb. Rev. Stat. § 48-1120.01.

In *Hohn v. BNSF Ry.*, the Eighth Circuit held that a claim filed more than 90 days after an NEOC determination should have been dismissed. *Id.* The plaintiff in that case had filed an employment discrimination charge with the NEOC which was closed by August 4, 2005, and a charge with the EEOC which resulted in a right-to-sue letter dated September 21. 707 F.3d 995, 999 (8th Cir. 2013). The plaintiff filed suit in federal district court within 90 days of the EEOC's right-to-sue letter, but more than 90 days after the NEOC's final determination. *Id.* The Eighth Circuit held that the plaintiff's NFEPA claim was untimely because it was not filed within 90 days of the NEOC's determination. *Hohn*, 707 F.3d at 1001.

The evidence Freeman adduced in opposition to GNS's motion is primarily concerned with the merits of his discrimination claims, and not when they were filed. He is free to make those arguments in support of his claims under federal law. But his claims under Nebraska law are untimely. This case is substantially indistinguishable from *Hohn*, and, accordingly, Freeman's NFEPA claims must be dismissed.[1] GNS's motion to dismiss, treated as a motion for summary judgment, will be granted.[2]

Freeman's federal law claims remain. Specifically, he may proceed with his claims of (1) a racially hostile work environment, (2) discrimination in the terms and conditions of his employment, and (3) retaliation for protected activity. GNS will be ordered to file an answer to Freeman's remaining claims (or seek an extension of time to do so) within 14 days of this memorandum and order, pursuant to Rule 12(a)(4)(A). Approximately 30 days after GNS files its answer, the United States Magistrate Judge will enter a progression order addressing discovery and other issues. NECivR 16.1(c)(2).

IT IS ORDERED:

1. GNS's motion to dismiss (filing 14), treated as a motion for summary judgment, is granted.

---

[1] The Court notes that one of Freeman's claims—the claim that he was retaliated against for complaining to GNS about racial discrimination—was not clearly raised in his NEOC charge. Compare filing 1 at 7 with filing 15-1 at 3-4. Arguably, that claim is not subject to the 90-day limitation period of § 48-1120.01 because it was not part of the NEOC's determination. And under Nebraska law, an NFEPA claim need not be administratively exhausted. *See*, Neb. Rev. Stat. § 20-148; *Goolsby v. Anderson*, 549 N.W.2d 153, 157 (Neb. 1996); *see also Parrish v. Immanuel Medical Center*, 92 F.3d 727, 734 (8th Cir. 1996). But the plaintiff must still observe the 300-day limitation period for NFEPA claims established by Neb. Rev. Stat. § 48-1118(2). *Adkins v. Burlington N. Santa Fe R. Co.*, 615 N.W.2d 469, 473 (Neb. 2000). Freeman failed to do so here, so his retaliation claim is time-barred regardless of whether it was presented to the NEOC.

[2] GNS's motion also asks the Court to strike the paragraphs of Freeman's complaint relating to his state law claims. The Court declines to do so. Striking a pleading is an extreme and disfavored measure, *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007), and should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy. *Infogroup, Inc. v. DatabaseLLC*, No. 8:14-CV-49, 2015 WL 1499066, at *18 (D. Neb. Mar. 30, 2015). Since the Court is not going to *literally* take a blue pencil to the complaint, the Court is not even convinced there is a meaningful difference between dismissing a claim and striking it. GNS should be satisfied with dismissal of the challenged claims.

2. Freeman's claims under the Nebraska Fair Employment Practices Act are dismissed.

3. GNS shall file and serve an answer to Freeman's federal law claims as provided by Rule 12(a)(4)(A).

Dated this 30th day of July, 2015.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge