IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BOB FREEMAN,<br><br>               Plaintiff,<br><br>    vs.<br><br>GNS CORPORATION, A Nebraska Corporation;<br><br>               Defendant. | 4:14CV3203<br><br>SCHEDULING ORDER |

IT IS ORDERED:

1)     Mandatory disclosures shall be served by September 7, 2015.

2)     Counsel for the parties shall confer and, on or before September 14, 2015, they shall jointly file an abbreviated Rule 26(f) Report, a copy of which is attached.

3)     If one or more of the parties believes a planning conference is needed to complete the abbreviated Rule 26(f) Report, or if the parties cannot agree on one or more of the deadlines identified or case progression issues raised in the attached Rule 26(f) Report, on or before September 7, 2015, a party shall contact my chambers at (402) 437-1670, or by email addressed to zwart@ned.uscourts.gov, to arrange a conference call.

August 17, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Plaintiff, | |
| vs. | |
| Defendant. | |

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

(Identify, for each party, the counsel who participated in preparing the Rule 26(f) Report).

The parties discussed the case and jointly make the following report:

**CASE PROGRESSION:**

A. Do any of the parties believe a planning conference would be beneficial and/or should be held before a final scheduling order is entered? _____
Explain. _____.

B. Motions to amend the pleadings or to add parties.

1) The plaintiff

_____ does

_____ does not

anticipate need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by _____.

2) The defendant

_____ does

_____ does not

2

anticipate need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by _____.

If more than ninety days are needed, state the reason(s) why such time is necessary._____.C.

Experts.

1) If expert witnesses are expected to testify at the trial, counsel agree to at least identify such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2)), by _____.

2) Experts and, unless otherwise agreed, expert reports shall be served by _____. Note: The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

3) Motions to exclude expert testimony on Daubert and related grounds will be filed by _____.

D. Discovery.

1) Written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by _____.

2) Depositions, whether or not they are intended to be used at trial, will be completed by _____.

3) Agreed Discovery Procedures:

   a. Unique Circumstances. The following facts or circumstances unique to this case will make discovery more difficult or more time consuming:_____.

   Counsel have agreed to the following actions to address that difficulty: _____.

3

b.  Electronic Discovery Provisions: Counsel have conferred regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

(i)   The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;

(ii)  The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

(iii) The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;

(iv)  Whether reasonable measures have been implemented to preserve such data;

(v)   The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;

(vi)  The form and method of notice of the duty to preserve;

(vii) Mechanisms for monitoring, certifying, or auditing custodial compliance;

(viii) Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;

    (ix)    Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;

    (x)    The anticipated costs of preserving these materials and how such costs should be allocated; and

    (xi)    The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

\_\_\_\_\_ No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

\_\_\_\_\_ As to electronically stored information, the following provisions will be followed by the parties: _____.

c.    Privileged and/or confidential communications and information.

General practice: Under the court's general practice, if any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall, for each document, disclose a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure. The non-producing party may move to compel documents identified on the privilege log. The producing party may also seek a

5

protective order to preserve the privilege or confidentiality of the documents identified.

Special provisions. To facilitate an early, efficient, and expeditious resolution of discovery issues which may arise related to documents withheld on the basis of alleged privilege or confidentiality, the parties shall discuss and consider:

(i) Whether the parties anticipate discovery issues or challenges arising from non-disclosure of allegedly confidential information;

(ii) Whether reasonable date ranges should be established after which privilege log entries for privileged or confidential information need not be made; and

(iii) As contemplated by Rule 502(e) of the Federal Rules of Evidence, the need for and terms of any agreement regarding disclosure of privileged attorney-client communications or confidential work product, and whether the parties will seek court approval of any such agreement.

The parties agree that:

\_\_\_\_\_ No special provisions are needed regarding discovery of allegedly confidential information. If such issues arise, they will be resolved in accordance with the court's general practice.

\_\_\_\_\_ In addition to, or in lieu of the court's general practice for asserting confidentiality claims and resolving disputes over nondisclosure of allegedly confidential information, the parties agree the following provisions will be followed: _____.

d. The maximum number of interrogatories, including sub-parts, that may be served by any party on any other party is \_\_\_\_\_.

      e.      The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is _____.

      f.      Depositions will be limited by Rule 30(d)(1), except the depositions of _____, which by agreement shall be limited as follows: _____.

      g.      The parties stipulate that they will be required to give at least _____ days' notice of their intention to serve records/documents or subpoenas on third parties prior to issuance. See NECivR 45.1

      h.      Other special discovery provisions agreed to by the parties include: _____.

E.      The following claims and/or defenses may be appropriate for disposition by dispositive motion (motion to dismiss or for summary judgment or partial summary judgment): _____.

Motions to dismiss and/or for summary judgment will be filed by _____.

F.      Other matters to which the parties stipulate and/or which the court should know or consider: _____.

G.      Consent to Trial Before Magistrate Judge.

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals. If the parties do not presently consent, they may do so at a later time and the case will remain with the assigned United States District Judge

or, if not previously assigned, will be randomly assigned to a United States District Judge.

\_\_\_\_\_ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct any and all further proceedings in this case including the trial, and order the entry of final judgment.

\_\_\_\_\_ All parties do not consent at this time.

H. Trial date.

    1) Jury Trial:

        a. \_\_\_\_\_ No party has timely demanded a jury trial.

        b. \_\_\_\_\_ A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

        c. \_\_\_\_\_ A party has demanded a jury trial, and the parties disagree on whether trial by jury is available in this case. A motion to strike the (plaintiff's/defendant's) demand for jury trial will be filed no later than _____.

        d. \_\_\_\_\_ Having previously demanded a jury trial, the plaintiff now waives jury trial. The defendant will file a demand for jury trial within \_\_\_\_\_ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

        e. \_\_\_\_\_ Having previously demanded a jury trial, the defendant now waives jury trial. The plaintiff will file a demand for jury trial within \_\_\_\_\_ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

2) This case will be ready for trial before the court by: (month, year) . If more than eight months are required, state the special problems or circumstances that necessitate that much time for trial preparation. _____

3) The estimated length of trial is _____ days.

Dated: _____

_____    _____
Counsel for Plaintiff(s)                                Counsel for Defendant(s)

### CERTIFICATE OF SERVICE

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: _____.

s/_____